UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA      )
        Plaintiff,      )      Case No
    VS.      )      13-30053-MJR
  DESTRY J. MARCOTTE      )      14-30107-MJR
      Defendant,      )
               )

In camera proceeding
Motion to Vacate\Void Convictions

    Representative for the defendant moves this
court to vacate\void convictions of said defendant
and release from custody the representative for the
defendant on the grounds the plaintiff, when
challenged has failed to provide evidence of
standing\jurisdiction over either the defendant
or its representative herinafter (defense).
    The prosecution when challenged before
trial never presented any evidence of standing
or jurisdiction and was not held to its burden
by the court. The defense claims the court
erred and thereby violating the due process
clause of the Constitution and Supreme Court
rulings. The defense objected in open court
as to the prosecution proceeding forward in
this case without any evidence in the record
before trial as to prove or meets its burden

②

as to the defendant or its representative, being
liabe to the U.S. Code and Constitution. The
court overruled the objections and allowed the
prosecution to continue. The defense has taken
no position as to the law not applying, defense
is just doing no more than lawfully challenging
the prosecution to prove from its files the
authority to bring action. "No sanctions can
be imposed absent proof of jurisdiction"
Standard v. Olsen 74 S.Ct 768, Title 5 U.S.C
556 + 558(b). "The law provides that once State
and Federal jurisdiction is challenged it must be
proven" Main v. Thiboutot 100 S.Ct 2502.
"There is no discretion to ignore lack of
jurisdiction" Joyce v. U.S. 474 F2d 215. This
court has also held and stated "I have it" when
jurisdiction was challenged by the defense.
The higher court has ruled to the contrary.
"A court has no jurisdiction to determine its
own jurisdiction for basic issue in any case
before a tribunal is its power to act, and a
court must have authority to decide that
question in the first instance" Rescue army
v. Municipal Court of Los Angeles 171 P2d; 331
U.S 549, 91 L.ed. 1666, 67 S.Ct 1409, " Jurisdiction
once challended is to be proven not by the
court but by the party attempting to assert

③

jurisdiction. The burden of proof of jurisdiction lie with the asserter" McNutt v. GMAC, 298 U.S 178. " Thus, wher a judicial tribunal has no jurisdiction of subject matter on which it assumes to act, its proceedings are absolutely viod in the fullest sense of the term. Dillon v. Dillon 187 P.27. " Jurisdiction can be challenged at any time, even on final determination. Basso v. Utah Power + Light Co. 495 2nd 906 at 910. "A departure from a court from those recognized and established requirements of law, however close and apparent adherence to mere form in method and procedure, which has the effect of depriving one of a constitutional right, is a excess of jurisdiction". Wuest v. Wuest 127 P2d 934, 937. " Untill plaintiff submitts uncontroversial evidence of subject matter jurisdiction to the court that the court has subject matter jurisdiction, the court is proceeding without subject matter jurisdiction". Loos v. American Energy Savers Inc., 168 Ill App. 3d 558, 522 N.E 2d 841 (1988). Neither Judges nor Govt. attorneys are above the law. See United States v. Isaacs 493 F.2d 1124, 1143 (7th Cir. 1974). If the court and the prosecution somehow believe the defense has not challenged

jurisdiction in this instant matter. Defense herby challenges the Political jurisdiction and standing is herby challenged again. There is now no other matter before this court until the prosecution meets its burden and proves that it had evidence on the record before any proceedings continued after defenses first objection. If it is the courts and the prosecutors presumption that the defense has voluntarily consented to jurisdiction the record is now to be corrected. The defense has never knowingly, willingly and knowledgably and intentionally, having been fully informed of the negative consequenses therof prior therto, voluntarily agreed to submit himself and/or itself to the political authority plaintiff herein. The burden is now on the prosecution to prove from its files the defense voluntarily submitted to the jurisdiction of the state. " The rule is not that the particular communications cantained in a statement were voluntarily made, but it must be sufficient to establish that the making of the statement was voluntary; ... the accused was not involuntarily impelled to make a statement, when but for improper influences he would have remained silent" Miranda v. Oregon, 384 u.s. 436, 462 (1965) - quoting from

Bram v. U.S, 168 U.S 537 at 540.

The representative for the defendant has been portrayed as being some kind of sovereign citizen or something and of conduct that the laws don't apply. The representative has done nothing more than fulfill his duty to challenge authority per the high Court see Ryder v. United States 115 S.Ct 2031, 132 L.Ed 2d 136 515 US 177. I am required to initiate a direct challenge to authority of anyone representing him/herself as a government officer or agent prior to the finality of any proceeding in order to avoid implications of de facto officer doctrine. When challenged, those posing as government officers and agents are required to affirmatively prove from the record whatever authority they claim. In absent the proof they may be held personally accountable for loss injury and damages. The representative also relies on the high Court in Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 384 (1947). "Whatever the form in which the Government functions, anyone entering into an arrangement (contract) with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority.

The scope of his authority may be explicitly defined by Congress or limited by delegated legislation, properly exercised by rule making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority. The representative also relies on the court to follow its own rules given to it in "Ferderal Trade Commission. v. Raladam Co. 283 US 643, 649; 51 S.ct 587 (1931)" Offical powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, they must be conferred by Congress. They cannot be merely assumed by administrative officers; nor can they be created by the courts in the proper exercise of their judicial functions".

The defense does not consent to any further proceedings until the prosecution has meet its burden imposed by law. The representative no longer consents to be held as Surety for the defendant and moves this court to be released from custody.

Further the plaintiff " bears the burden of demonstrating standing and must plead its components with specificity." Coyne, 183 F.3d at 494; Valley Forge Christian College v. Americans United for Separation of Church and State Inc., 454 U.S. 464 (1982).

Also to satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has personally suffered some actual injury as a result of the illegal conduct of the defendant. Coyne 183 F.3d at 494 Vally Forge, 454 U.S. at 472.

The plaintiff has not sitisfied its burden of demonst standing at the time of filing of the Complaint. "Standing represents a jurisdictional requirement which remains open to review at all stages of litigation." National Organization Women, Inc v. Scheidler, 510 us 249. The high Courts have found unfit for adjudication any cause that "is not in any real sense adversary" that does not assume the 'honest and actual antagonistic assertion of rights' to the adjudicated".. Poe v. Ullman 367 US. 497, 505 (1961). The representative as one of the People has no true legal name as is presumed by the plaintiff. If the plaintiff contends otherwise please evidence from its own files the contract or agreement that establishes the fact that the representative being fully informed entered into said contract that created the presumed contractual and/or subservient relationship.

8

As far as the court is concearned, it has
breached it duty to protect the law.
"Where a court failed to observe safeguards, it
amounts to a denial of due process of law, court
is deprived of juris", Merritt v. Hunter C.A Kansas
170 F2d 739. The prosecution has failed to
prove its burden in this matter therefore failing
to even put a governing class to which the case
belongs. The prosecutors' conduct has created
constitutional errors.
"In criminal cases, certain constitutional errors
require automatic reversal" see State v. Schmit,
273 Minn 78, 88, 139 N.W. 2d 800, 807 (1966).
   As the court and the prosecution can plainly
see the courts clearly support the defenses
claims in this matter.
   The relief sought for the defense is to
vacate/void the convictions and return the
defendant and its representative to good standing
in the community and return any and all property
that was taken and what the court deems just
and compensation for his and its liberties being
violated.

                         DESTRY J. MARCOTTE

                         Dest Marcotte
                         for the defendant and
                         one of the people